David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Attorneys for the Plaintiff
Ryan Gregory

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

[PORTLAND DIVISION]

| | |
|---|---|
| Ryan Gregory,<br><br>                       Plaintiff,<br>v.<br><br>Midland Credit Management, Inc.,<br><br>                       Defendant. | **Case Number: 3:17-cv-1739**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Ryan Gregory, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Midland Credit Management, Inc. ("Defendant") and/or ("RPM"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant was knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Because Defendant operates within and does business within the State of Oregon, personal jurisdiction is established.

9. Because Plaintiff is located in Oregon, and Defendant did business here.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the actions giving rise to the cause of actions brought in the case occurred within this judicial district.

## PARTIES

11. Plaintiff is a natural person who resides in the State of Oregon, City of Portland.

12. Defendant is located in the city of San Diego, and the State of California.

13. Defendant regularly does business within the County of Maricopa.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. At all times relevant to this matter, Plaintiff was an individual with his personal residence within the State of Oregon.

17. At all times relevant, Defendant conducted business within the State of Oregon.

18. At all times relevant, Defendant was subject to the laws of the State of Oregon.

19. Sometime in middle or late 2016, Plaintiff is alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. Sometime thereafter, but before April 25, 2017, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently disputes the validity of this alleged debt.

22. On or about April 2016, Defendant began calling Plaintiff's cell phone in an attempt to collect an alleged debt.

23. These calls were a "communication" as 15 U.S.C. §1692a(2) defines that term.

24. During numerous calls with Defendant, Plaintiff requested that Defendant stop calling him.

25. During these requests Plaintiff made clear to Defendant that these calls were inconvenient to Plaintiff in a manner consistent with 15 U.S.C. § 1692c(a)(1).

26. Despite Plaintiff clearly revoking consent to be called on his cell phone, Defendant continued to call Plaintiff dozens if not over a hundred times.

27. Calls were placed to Plaintiff from phone numbers including but not limited to 844-236-1959, 8884059988, 6023624192, and 6193546305 which upon information and belief belongs to Defendant.

28. Defendant's repeated calls were in violation of 15 U.S.C. § 1692d(5).

29. The purpose of Defendant's calls were to harass, abuse and oppress Plaintiff in an attempt to coerce Plaintiff into paying the alleged debt.

30. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in limiting communications from debt collectors, which is specifically addressed and protected by the Federal Fair Debt Collection Practices Act.

31. Defendant willfully ignoring Plaintiff's request to end all communication frustrated, angered, and distressed Plaintiff.

32. Despite Plaintiffs' numerous requests to not be contacted, Defendant continued to call Plaintiff on Plaintiffs' cellular telephone number via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1).

33. Upon information and belief, Plaintiffs contend that the ATDS used by the Defendants had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.
34. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiffs incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
35. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
36. Plaintiff did not provide Defendants or its agent(s) prior express consent to receive the calls to their cellular telephone for many if not all of the calls received by them, via an ATDS pursuant to 47 U.S.C. § 227 (b)(1)(A).
37. Additionally, even if Defendant did have prior express consent, all consent was revoked as a result of Plaintiff's numerous requests to Defendant to stop calling.
38. The telephone calls by Defendants, or its agent(s), violated 47 U.S.C. § 227(b)(1).
39. Through this action, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
40. Plaintiffs were personally affected because they were frustrated and distressed that despite them telling Defendants to stop calling on their cell phone, Defendants continued to harass Plaintiffs with calls using an ATDS.
41. Defendant's calls forced Plaintiff to live without the utility of his cellular phones by forcing Plaintiff to silence their cellular phones and/or block incoming numbers.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Plaintiff made several requests for Defendant to stop calling his cell phone.

51. Each call after Plaintiff revoked consent, constitute a knowing and/or willful violation of the TCPA.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

55. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

56. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

57. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

58. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

60. Any other relief the Court may deem just and proper.

## COUNT III

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

61. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

63. Any other relief the Court may deem just and proper.

### TRIAL BY JURY

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: October 31, 2017

Hyde & Swigart

By: __/s/ David J. McGlothlin___
David J. McGlothlin
Attorneys for the Plaintiffs